J-A06026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAWNE WILKINSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LESLIE R. GITELMAN | : | |
| | : | |
| Appellant | : | No. 876 WDA 2021 |

Appeal from the Order Entered July 12, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-20-011007

BEFORE: MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: MAY 27, 2022**

Leslie R. Gitelman appeals *pro se* from the order granting the petition filed by Dawne Wilkinson to enforce a settlement agreement, and granting the petition filed by Gitelman's former counsel, George Kontos and the law firm of Kontos Mengine Killion & Hassen ("KMKH"), to enforce a fee agreement. We affirm.

In 2019, Wilkinson, while operating her vehicle, struck Gitelman as she was walking. Gitelman retained KMKH to initiate this personal injury lawsuit against Wilkinson. Gitelman and KMKH executed a Power of Attorney/Fee Agreement ("Agreement") which provided, *inter alia*, that KMKH would receive thirty-three percent of any settlement. Approximately nine months after the Agreement was executed, Kontos, acting on Gitelman's behalf, accepted a

_____

[*] Retired Senior Judge assigned to the Superior Court.

settlement offer from Wilkinson's insurer, Travelers Insurance ("Travelers"), for $150,000. Gitelman, who is also an attorney, initially authorized Kontos to accept the offer, but later rejected the offer and refused to sign a release. She then terminated KMKH from representation. Wilkinson thereafter filed a petition to enforce the settlement agreement. Kontos filed a petition to intervene and a petition to enforce the Agreement, asserting that KMKH was owed $49,500 (thirty-three percent of the settlement amount), and $77.53 for expenses authorized by the Agreement.

The trial court conducted a hearing at which it heard the testimony of: Gitelman, who elected to proceed *pro se*; Kontos; Mark Scott, the Travelers' insurance adjuster; and others. Kontos presented the court with written correspondence between himself and Gitelman wherein they discussed the relative pros and cons of accepting the $150,000 settlement offer, and a subsequent email in which Gitelman authorized Kontos to accept the $150,000 settlement offer. Gitelman presented the trial court with correspondence she sent to Kontos after she had authorized him to accept the settlement offer, wherein she asked how she would be paid and inquired about terms of the release agreement. On July 12, 2021,[1] the trial court issued an order: (1) granting Wilkinson's petition to enforce the settlement; (2) granting KMKH's

---

[1] Although the order was entered April 8, 2021, it was not docketed until July 12, 2021. Thus, we refer to it as the July 12, 2021 order. Additionally, as the order appealed from was not docketed until July 12, 2021, the notice of appeal, filed on July 28, 2021, was timely. *See* Pa.R.A.P. 903(a).

petition to enforce the Agreement; and (3) ordering Travelers to pay $100,422.47 to Gitelman and $49,577.53 to KMKH. Gitelman filed a timely *pro se* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement.

In her concise statement, Gitelman claimed that the trial court erred by not including five basic elements of contract law "anywhere in the record" (*i.e.*, settlement agreements are governed by contract law; a contract consists of an offer, acceptance and consideration; a meeting of the minds is essential to a contract; contract terms must be specific and certain; and an agreement to enter a contract is not a contract). Concise Statement, 8/23/21, at 2. Based on this perceived deficiency, Gitelman asked this Court to "reverse, vacate and supersede" the July 12, 2021 order, and enter a new order denying the petitions filed by Wilkerson and KMKH, and directing Travelers to reassign the claim to a different adjuster and make her a new (*i.e.*, higher) settlement offer. **Id**. Gitelman then vaguely asserted that "my appeal will address and enumerate violations of . . . Title 20, Chapter 56, Power of Attorney; and [Disciplinary Rule] 217 . . .." **Id**. at 3.

In response, the trial court authored a Rule 1925(a) opinion in which it explained that Gitelman's concise statement failed to raise any specific or legitimate claim of error. Nevertheless, the court provided an explanation as to why the settlement agreement was enforceable. **See** Trial Court Opinion, 9/2/21, at 6-9.

- 3 -

Gitelman raises the following issues for our review:

1. <u>Enforceability of Settlement Agreements</u>: Did the [t]rial [c]ourt err as a matter of law when it failed to conclude: (a) settlement agreements are defined according to the principles of contract law; (b) a contract is defined by an offer (the settlement figure), acceptance, and consideration (in exchange for the plaintiff terminating his lawsuit, the defendant will pay the plaintiff the agreed[-]upon sum); (c) a meeting of the minds is necessary to establish a contract; absent a meeting of the minds, there is no contract; (d) an agreement to enter into a contract is not a contract itself; and (e) a contract's terms must be specific and certain ("Enforceability Question")?

2. <u>Client Solicitation</u>: Did the [t]rial [c]ourt err as a matter of law when it failed to conclude an attorney may not solicit a potential client in violation of Rule 217 of the Disciplinary Board of the Supreme Court of Pennsylvania's ("Board") Rules of Disciplinary Enforcement ("Pa.R.D.E.") ("Rule 217") ("Solicitation Question")?

3. <u>Power of Attorney</u>: Did the [t]rial [c]ourt err as a matter of law when it failed to conclude that for a power of attorney to be legally valid and binding it must conform with Pa. Code, Title 20, Chapter 56, Powers of Attorney ("P.O.A. Question")?

Gitelman's Brief at 3-4.

Before we consider the merits of Gitelman's issues, we first must determine whether she preserved them for appellate review. An appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). A Rule 1925(b) concise statement is a crucial component of the appellate process

because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. **See Riley v. Foley**, 783 A.2d 807, 813 (Pa. Super. 2001). Where a concise statement is too vague to allow the court to identify the issues raised on appeal, it is the functional equivalent to no concise statement at all. **See Satiro v. Maninno**, 237 A.3d 1145, 1150 (Pa. Super. 2020). Even if the trial court correctly guesses the issues that the appellant wished to raise on appeal and writes an opinion pursuant to that supposition, the issues are still waived. **See Kanter v. Epstein**, 866 A.2d 394, 400 (Pa. Super. 2004).

Pursuant to Rule 1925 and well-developed case law, Gitelman was required to specify in her concise statement the precise errors she claims were made by the trial court. However, the sole claim of "error" she raised in her concise statement was that the trial court "did not conclude and make clear anywhere in the record" five basic elements of contract law. Concise Statement, 8/23/21, at, at 2.

Gitelman has not directed this Court to any authority which required the trial court to include elementary principles of contract law in its July 12, 2021 order, and this Court is aware of none. Thus, Gitelman's sole claim of "error" warrants no relief.

The remaining two issues that Gitelman raised in her statement of questions presented were not sufficiently preserved for our review. As explained above, Gitelman vaguely indicated in her concise statement that

"my appeal will address and enumerate violations of . . . Title 20, Chapter 56, Power of Attorney; and [Disciplinary Rule] 217 . . . ." Concise Statement, 8/23/21, at 3. However, Gitelman's concise statement did not identify any particular violation of, or assign any error in relation to, Chapter 56 or Rule 217. As such, Gitelman failed to preserve her second and third issues for our review. *See Kanter*, 866 A.2d at 400.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/27/2022